UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| KIMBERLEE NICHOLS, } | |
| ON BEHALF OF HERSELF AND } | |
| ALL OTHERS SIMILARLY SITUATED, } | |
|   } | |
|              Plaintiff, } | Civil Action, File No. |
|   v                     } | |
|                         } | |
| BYL COLLECTION SERVICES, LLC, } | |
| BYL COMPANIES, AND JOHN DOE, THE OWNER } | |
| OF BYL COLLECTION SERVICES, LLC, } | |
|                         } | |
|              Defendants. } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Kimberlee Nichols [hereinafter "Nichols"], on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, BYL Collection Services, LLC [hereinafter "BYL"], BYL Companies and John Doe, the owner of BYL Collection Services, LLC [hereinafter collectively known as "BYLC"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on BYL' regular transaction of business within this district. Venue in this district also is proper based on BYL possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. BYL also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services

includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Nichols is a natural person who resides at 61 W 22nd Street, Huntington Sta., NY 11746.

6. Nichols is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about December 26, 2017, BYL sent Nichols the letter annexed as Exhibit A. Nichols received and read Exhibit A. For the reasons set forth below, Nichols's receipt and reading of Exhibit A deprived Nichols of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, BYL sent Exhibit A to Nichols in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, contracting for and using a gym membership and then, as an individual, failing to pay for this gym membership. BYL, via Exhibit A, attempted collect the past due debt from Nichols in her individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. BYL is a Pennsylvania Limited Liability Company.

11. Based upon Exhibit A and upon BYL possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of BYL is the collection of debts using the instrumentalities of interstate commerce,

including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, BYL identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, BYL is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

15. BYLC wholly owns one or more subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, BYLC directs and/or requires and/or allows BYLC's wholly owned "debt collectors" subsidiaries to carry out collection efforts on BYLC's behalf and for the sole benefit of BYLC; BYLC always possesses the beneficial interests in the collection accounts which BYLC's wholly owned "debt collectors" attempt to collect.

16. Based on the above, the principal purpose of BYLC is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due to another.

17. Based on the above, BYLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. BYL is a wholly owned subsidiary of BYLC.

19. Upon information and belief, BYLC, a "debt collector", directs and/or requires and/or allows BYLC's wholly owned subsidiaries such as BYL to carry out collection efforts on BYLC's behalf and for the sole benefit of BYLC; BYLC always possesses the beneficial interests in the collection accounts which BYL attempts to collect; and BYLC directly actively participates in and/or controls and/or supervises the debt collection efforts of BYL. For the above reasons, BYLC is vicariously liable for the actions of BYL.

20. All the actions alleged in this Complaint taken by BYL were taken by BYL as an agent of or "debt collector" for the "debt collector" BYLC.

21. Based on the allegations in the above three paragraphs, BYLC is vicariously liable for the actions of BYL set forth in this Complaint.

## FIRST CAUSE OF ACTION-CLASS CLAIM

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint.

23. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the alleged debt allegedly is owed or on whose behalf BYL was attempting to collect the alleged debt.

24. Based on the above, Defendants violated 15 USC § 1692e, and 15 USC § 1692e(10) as a result of BYL sending Exhibit A to Nichols.

## SECOND CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint.

26. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint.

28. Defendants violated of 15 USC 1692g as a result of BYL sending Exhibit A to Nichols.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

30. The class consist of (a) all natural persons (b) who received a letter from BYL dated between December 26, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

31. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

33. The predominant common question is whether Defendant's letters violate the FDCPA.

34. Plaintiff will fairly and adequately represent the interests of the class members.

35. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

36. A class action is the superior means of adjudicating this dispute.

37. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       December 20, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107